**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| IN RE: | CHAPTER 13 |
|---|---|
| Brian E. Smelz | CASE NO. 1-17-02472 |
| | ___ ORIGINAL PLAN |
| | _2nd_ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.) |
| | ___ Number of Motions to Avoid Liens |
| | ___ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☐ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $ 0.00 _____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 89,194.56 _____, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2018 | 07/2022 | 1,715.28 | 0.00 | 1,715.28 | 89,194.56 |
| | | | | | |
| | | | | Total Payments: | 89,194.56 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE: (✓) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   ( ) Debtor is over median income. Debtor calculates that a minimum of $ _____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. **Additional Plan Funding From Liquidation of Assets/Other**

   1. The Debtor estimates that the liquidation value of this estate is $ _____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

   *Check one of the following two lines.*

   ___ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

   ✓ Certain assets will be liquidated as follows:

   2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ 60,000.00 _____ from the sale of property known and designated as 201 S. Market Street, (installment sale) funding pmts in 1(a) _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

   3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   ✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   ___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   ✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

---

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Wilmington Savings Fund | 18 School Street, Millerstown PA | |
| Shirley and Dale Hoover | Rte 147, Millersburg (Dauphin county), PA 17061 | |
| Seterus Inc. | 18 School Street, Millerstown PA 17062 | 3963 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Seterus Inc. | 18 School Street, Millerstown PA 17062 | | 0.00 | 8,497.57 |
| Wilmington Savings Fund | 18 School Street, Millerstown PA | 2,312.34 | 0.00 | 2,312.34 |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

___ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

✓ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

   1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

   2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

   3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Dauphin County Tax Collection Bureau | Rte 147, Millersburg (Dauphin county), PA 17061 | 5,724.24 | 0.00 | 5,724.00 |
| Dauphin County Tax Collection Bureau | Pearl St., Millersburg PA | 379.91 | 0.00 | 379.91 |
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

F. **Surrender of Collateral.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

Case 1:17-bk-02472-RNO    Doc 46    Filed 04/10/18    Entered 04/10/18 15:21:47    Desc
Main Document    Page 1 of 7

| The name of the holder of the lien. | |
|---|---|
| A description of the lien. For a judicial lien, include court and docket number. | |
| A description of the liened property. | |
| The value of the liened property. | |
| The sum of senior liens. | |
| The value of any exemption claimed. | |
| The amount of the lien. | |
| The amount of lien avoided. | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. **Attorney's fees.** Complete only one of the following options:
      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. **Other.** Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ___ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

7

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

   ___ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   ✓ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Pennsylvania Department of Revenue | |
| | |
| | |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

   ___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

      ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

      ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

8

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ___ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   Property of the estate will vest in the Debtor upon

   *Check the applicable line:*

   ✓ plan confirmation.
   ___ entry of discharge.
   ___ closing of case.

9

7. **DISCHARGE: (Check one)**

   (✓) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

10

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 04/08/2018         /s/ John M. Hyams
                          Attorney for Debtor

                          /s/ Brian E. Smeltz
                          Debtor

                          _____
                          Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| Brian E. Smeltz | : | |
| | : | CASE NO: 1:17-bk-02472-RNO |
| | : | |
| Debtor | : | |

## NOTICE

The hearing on confirmation of the Amended Plan of reorganization of Debtor is scheduled for the date indicated below.

**May 30, 2018** is the deadline for filing objections to confirmation of the Amended Plan. Any objections to confirmation of the plan will be heard at the scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the plan at this time.

United States Bankruptcy Court   Date:  June 6, 2018
Ronald Reagan Federal Building,
Bankruptcy Courtroom (3rd Floor),   Time:  10:00 AM
Third & Walnut Streets,
Harrisburg, PA 17101

A copy of the Amended Plan can be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

Initial requests for a continuance of hearing ( *L.B.F. 9013-4*, *Request to Continue Hearing/Trial with Concurrence*) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

Electronic equipment, including cell phones, pagers, laptops, etc., will be inspected upon entering the Courthouse. These devices may be used in common areas and should be turned to silent operation upon entering the Courtroom and Chambers. Photo identification is required upon entering the Courthouse.

**Address of the Bankruptcy Clerk's Office:**      **For the Court:**
U.S. Bankruptcy Court      Clerk of the Bankruptcy Court:
Ronald Reagan Federal Building      Terrence S. Miller
PO Box 908
Harrisburg, PA 17108
(717) 901-2800
Hours Open: Monday-Friday 9:00 AM-4:00 PM      Date: April 10, 2017

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BRIAN E SMELTZ | CASE NO: 1:17-02472 |
| | **DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 4/10/2018, I did cause a copy of the following documents, described below,

2nd Amended Plan

Notice

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/10/2018

/s/ John M. Hyams
John M. Hyams  87327

Law Offices of John M. Hyams
2023 N. Second St.
Harrisburg, PA  17102
717 520 0300
acb@johnhyamslaw.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: BRIAN E SMELTZ

CASE NO: 1:17-02472

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 4/10/2018, a copy of the following documents, described below,

2nd Amended Plan

Notice

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/10/2018

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
John M. Hyams
Law Offices of John M. Hyams
2023 N. Second St.
Harrisburg, PA  17102

```
PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO                              AUTOZONE INC                           BUREAU OF EMPLOYER TAX OPER
LABEL MATRIX FOR LOCAL NOTICING        PO BOX 10 DEPT 9003                    PO BOX 68568
03141                                  MEMPHIS TN 38101-0010                  HARRISBURG PENNSYLVANIA 17106-8568
CASE 1-17-BK-02472-RNO
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG
TUE APR 10 15-02-16 EDT 2018


DAUPHIN COUNTY TAX CLAIM BUREAU        CHARLES J DEHART III TRUSTEE           EARL RICHARD ETZWEILER ESQUIRE
P O BOX 1295                           8125 ADAMS DRIVE SUITE A               105 N FRONT STREET
HARRISBURG PA 17108-1295               HUMMELSTOWN PA 17036-8625              SUITE 100
                                                                              HARRISBURG PA 17101-1436


                                                                              EXCLUDE
ESTATE OF DALE HOOVER                  HEATHER S RILOFF ESQUIRE
565 BOWMAN STREET                      MARTHA E VON ROSENSTEIL PC             JOHN M HYAMS
MILLERSBURG PA 17061-1106              649 SOUTH AVENUE                       LAW OFFICES OF JOHN M HYAMS
                                       SECANE PA 19018-3541                   2023 N 2ND ST
                                                                              HARRISBURG PA 17102-2151


INTERNAL REVENUE SERVICE               INTERNAL REVENUE SERVICE               OFFICE OF ATTORNEY GENERAL
CENTRALIZED INSOLVENCY OPERATIONS      PO BOX 7346                            FINANCIAL ENFORCEMENT SECTION
PO BOX 7346                            PHILADELPHIA PENNSYLVANIA 19101-7346   STRAWBERR
PHILADELPHIA PA 19101-7346                                                    HARRISBURG PENNSYLVANIA 17120-0001


PA DEPARTMENT OF REVENUE               PA DEPARTMENT OF REVENUE               JIM PEAVLER
2 REVENUE PLACE                        DEPARTMENT 280946 ATTN BANKRUPTCY DIVI 10TH FLOOR STRAWBERRY SQUARE
HARRISBURG PENNSYLVANIA 17129-0002     HARRISBURG PENNSYLVANIA 17128-0946     HARRISBURG PA 17128-0001


PENNSYLVANIA DEPARTMENT OF REVENUE     HEATHER STACEY RILOFF                  SETERUS INC
BANKRUPTCY DIVISION PO BOX 280946      MARTHA E VON ROSENSTIEL PC             14523 SW MILLIKAN WAY
HARRISBURG PA 17128-0946               649 SOUTH AVENUE UNITE 7               SUITE 200
                                       SECANE PA 19018-3541                   BEAVERTON OR 97005-2352


SLS                                    SETERUS INC AS THE AUTHORIZED          SHIRLEY A HOOVER
8742 LUCENT BOULEVARD                  SUBSERVICER                            CO ETZWEILER AND ASSOCIATES
SUITE 300                              CO HEATHER S RILOFF ESQUIRE            SUITE 100
HIGHLANDS RANCH CO 80129-2386          MARTHA E VON RONSENSTIEL PC            105 N FRONT STREET
                                       649 SOUTH AVENUE                       HARRISBURG PA 17101-1436
                                       SECANE PA 19018-3541


EXCLUDE                                US DEPARTMENT OF JUSTICE               UNITED STATES ATTORNEY
                                       PO BOX 227 BEN FRANKLING STATION       PO BOX 11754
BRIAN E SMELTZ                         WASHINGTON DISTRICT OF COLUMBIA 20044  HARRISBURG PENNSYLVANIA 17108-1754
10 SCHOOL STREET                       -0227
MILLERSTOWN PA 17062-9505


EXCLUDE                                EXCLUDE
                                                                              JAMES WARMBRODT
UNITED STATES TRUSTEE                  UNITED STATES TRUSTEE                  701 MARKET STREET SUITE 5000
228 WALNUT STREET SUITE 1190           228 WALNUT STREET ROOM 1190            PHILADEPHIA PA 19106-1541
HARRISBURG PA 17101-1722               HARRISBURG PENNSYLVANIA 17101-1722
```

Case 1:17-bk-02472-RNO    Doc 46    Filed 04/10/18    Entered 04/10/18 15:21:47    Desc
Main Document    Page 6 of 7

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

WILMINGTON SAVINGS FUND SOCIETYFSB
TRUSTEE
CO SPECIALIZED LOAN SERVICING LLC
8742 LUCENT BLVD SUITE 300
HIGHLANDS RANCH COLORADO 80129-2386